UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WELLS FARGO BANK, N.A.,

                Plaintiff,

  v.

MEEEL, INC.; VLADISLAV A. MOKSHIN; and PW FUNDING II LLC,

                Defendants.

C19-1857 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion to deliver funds to defendant PW Funding II LLC, docket no. 15, is DENIED. Plaintiff has not established that the Court has jurisdiction over this matter. An interpleader action may proceed in federal court under either (i) Federal Rule of Civil Procedure 22, or (ii) 28 U.S.C. § 1335. Under Rule 22, deposit of the entire sum in dispute is not required, but a basis for jurisdiction independent of the interpleader is needed. <u>See</u> <u>McKeithen v. S.S. Frosta</u>, 75 F.R.D. 7, 10 n.3 (E.D. La. 1977). Plaintiff has alleged no separate federal question in this matter and, although the parties are diverse, the amount in controversy does not exceed the $75,000 jurisdictional threshold. Thus, Rule 22 is not applicable, and the criteria of 28 U.S.C. § 1335 must be satisfied to confer subject matter jurisdiction on the Court. Plaintiff, however, has not complied with the statutory requirement of depositing into the Registry of the Court the funds at issue or providing an appropriate bond, and the Court therefore lacks jurisdiction. <u>See</u> 28 U.S.C. § 1335(a)(2); <u>see also</u> <u>State Farm Life Ins. Co. v. Jonas</u>, 775 F.3d 867, 869 (7th Cir. 2014); <u>Fed. Ins. Co. v. Tyco Int'l Ltd.</u>, 422 F. Supp. 2d 357, 395-96 (S.D.N.Y. 2006); <u>Schneider v. Cate</u>, 405 F. Supp. 2d 1254, 1267 (D. Col. 2005). Even if the Court had jurisdiction, it would not disburse funds from the Registry of the Court in the absence of a properly served and noted motion under Local Civil Rule 67 and entry of a judgment via default or otherwise.

MINUTE ORDER - 1

(2) This case will be dismissed without prejudice for lack of subject matter jurisdiction unless, within fourteen (14) days of the date of this Minute Order, plaintiff deposits the entire sum in dispute into the Registry of the Court or posts a bond in an amount approved by the Court.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of February, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2